JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

ARVON J. PERTEET (CSBN 242828)
Special Assistant United States Attorney

    450 Golden Gate Avenue, 11th Floor
    San Francisco, CA 94102
    Telephone: 415.436.6598
    Facsimile: 415.436.7234
    Email: arvon.perteet@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09- |
|     Plaintiff, | |
| v. | COMPLAINT FOR FORFEITURE |
| Approximately $4,138.00 in United States Currency; One (1) 2005 Mercedes Benz Unimog U5001s Truck (VIN # WD6DE4CS454208791); One (1) 2007 Kubota RTV1100 Utility Vehicle (VIN # - KRTV110071012016); One (1) 2008 Toyota Tacoma (VIN # - 5TELU42N38Z50138); One (1) MQ Power Whisperwatt Ultra-silent 45KW Diesel Generator - Serial # 8201325; One (1) Kubota Three Phase Diesel Generator - Serial # H12066; and One (1) Kubota 20KW Three Phase Diesel Phase Generator - Serial # 104068, | |
|     Defendants. | |

In this <u>in rem</u> forfeiture action, the United States alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction under Title 28, United States Code, Sections 1345 and 1355; and Title 21, United States Code, Sections 881(a)(2), (a)(4), and (a)(6).

2. This action is timely filed in accordance with Title 18, United States Code, Section 983(a)(3)(A).

3. Venue in the Northern District of California is proper because defendant property was seized in Mendocino County, located in this district. 28 U.S.C. §§ 1355(b) and 1395.

4. Intra-district venue is appropriate in San Francisco, CA.

## PARTIES

5. Plaintiff is the United States of America.

6. Defendants are Approximately Four Thousand One Hundred Thirty-Eight Dollars in United States Currency, ($4,138.00); One (1) 2005 Mercedes Benz Unimog U5001s Truck (VIN # WD6DE4CS454208791); One (1) 2007 Kubota RTV1100 Utility Vehicle (VIN # - KRTV110071012016); One (1) 2008 Toyota Tacoma (VIN # - 5TELU42N38Z50138); One (1) MQ Power Whisperwatt Ultra-silent 45KW Diesel Generator - Serial # 8201325; One (1) Kubota Three Phase Diesel Generator - Serial # H12066; and One (1) Kubota 20KW Three Phase Diesel Phase Generator - Serial # 104068 .

## FACTS

**A.    Marijuana Eradication On October 7, 2008**

7. Plaintiff incorporates by reference the allegations of paragraphs one through six as though fully set forth herein.

8. On October 7, 2008, Deputy Gupta of the Mendocino Sheriffs Department was part of the CAMP Team. The CAMP Team was deployed to a part of Mendocino County known as Cummings, near Leggett, to locate and eradicate illegal marijuana gardens in the area.

9. The CAMP Team members marked the locations of the illegal marijuana gardens using handheld GPS devices. The sites were marked as #195, #196, #198, #199, #B01, #B02, #B03, #B04. #B05, #S32, and #S33. In total, approximately 10,000 pounds of growing marijuana plants were eradicated, consisting of more than 2,100 individual plants. After the operation was completed, Deputy Gupta plotted all of the marijuana garden sites using a computerized mapping program called MAPTECH's Terrain Navigator. A comparison of the Mendocino County Assessor's and Department of Planning and Building Services GIS system

Complaint for Forfeiture
No. 09-                                       2

revealed that half of the sites appeared to be on Matthew Graves' parcel (APN # 01269048) and a parcel assessed to Duanne and Matthew Graves (APN # 01269050).

10. On October 27, 2008, Deputy Gupta secured a search warranted to search two parcels assessed to Matthew Graves (APN #s 01269048 and 01269050 in Mendocino County) from the Honorable Judge Henderson of the Mendocino County Superior Court.

**B.      Search of Site 1 - APN # 01269048 November 6, 2008**

11. Deputy Gupta approached a large wooden structure and saw the defendant, Mercedes-Benz Unimog in front of the building and a large CAT backhoe on the side of the building. Deputy Gupta observed that there was actual construction underway of an indoor grow operation. The existing portion of the structure appeared to be a garage or storage facility that contained materials for the construction, including electrical equipment, ballasts, fans and grow lights. Also found in the structure was a large amount of ammunition, several gun bags and a camouflage Savage .17 caliber rifle (serial # 1062752) with a scope, several ATVs and UTVs.

12. Initially, one person was found working at the structure, Daniel Freudenberg. Mr. Freudenberg was interviewed at the scene and stated that he worked for Matthew Graves and had been working on the construction of the structure, including the grow rooms for the last on and a half years, off and on. Mr. Freudenberg admitted that he was building indoor marijuana grow rooms for Matthew Graves. He denied ownership of any of the items that were located in the structure and surrounding area, with the exception of his working tools.

13. Just 100 yards south of the wooden structure on Site 1, Deputies located two large military containers. These containers had large caches of firearms inside, including rifles, handguns, uzis, "Street Sweepers"(semi-automatic/automatic shotguns), an AR-15, fully automatic assault weapon, miscellaneous types of ammunition, in addition to a silencer or suppressor type item. When the Deputies removed the containers from their locations, they noted that the ground underneath the containers was still dry, unlike the surrounding area, as it had been raining off and on. This observation was an indication that the containers had been there for some time prior to the execution of the search warrant.

///

14. As the Deputies were conducting the search of Site 1, Ronnie Sowell arrived in his pickup truck. Mr. Sowell was asked why he was there and he explained that he worked for Matthew Graves as a grader. He further confirmed that he had been grading the property on October 7, 2008, during the eradication operation. Mr. Sowell also admitted to purchasing poultry netting for Matthew Graves and potting soil, for which he had been reimbursed. Mr. Sowell was aware of Matthew Graves' marijuana cultivation operation.

C. **Search of Site 2 - APN # 01269050 on November 6, 2008**

15. On November 6, 2008, DEA Agents, Bureau of Land Management Officers, a Department of Fish and Games Officer, and Officers from the Mendocino Sheriff's Department the search warrant signed by Judge Henderson.

16. Parked in front of the residence was a red 2006 Chevrolet pickup, California License # 8E10080, that contained $7,304, a wallet with $3,000 in United States currency and California Drivers license for Matthew Graves, and 19 grams of bud marijuana. Defendant 2008 Toyota pickup, California License # 8B32367, which contained 30 grams of marijuana bud, was also parked in front of the residence. Sales receipts for the defendant 2008 Toyota were found, indicating that the sales price of the truck was $34,600 with an $8,000 cash deposit and the balance paid by a $26,600 check. Both trucks were found to be owned by Matthew Graves and Matthew Graves Construction respectively.

17. Officers and Agents entered the residence where they found Matthew Graves in the living room area. Mr. Graves was advised of the search warrant and detained without incident at that time. A search of the residence was conducted.

18. In the living room, Officers found garbage bags containing bud marijuana packaged in approximately 32 separate smaller Ziploc and oven roasting bags with an approximate gross weight of 12,427 grams. Officers also found three garbage bags that contained partially trimmed marijuana buds (7.5, 6.9, and 3.5 pounds net weight).

19. In the kitchen cabinet, located on the living room side, Officers found an Acculab digital scale that contained marijuana debris. Located on the counter of kitchen was a glass bowl

Complaint for Forfeiture
No. 09- 4

with marijuana seeds and an Umpqua Bank bags with 93 money order receipts totaling $89,748.63 along with indicia for Matthew Graves.

20. Officers continued the search of the residence and located 48 growing marijuana plants in the downstairs northwest bedroom. In the downstairs northeast bedroom, Officers found packaging materials and approximately 544 grams of marijuana packaged in oven roasting bags and some ziploc bags.

21. In the upstairs master bedroom of the residence, Officers located approximately 7.5 pounds of partially trimmed marijuana bud in two black garbage bags, $2,000 in United States currency, which was found in the top dresser drawer along with two receipts that listed Matt Graves (the $2,000 constitutes a portion of defendant $4,138.00 in United States Currency). The remaining portion of the defendant currency ($2,138.00) that was seized, was found in the top right drawer of the desk inside the same master bedroom. Officers also seized two invoices from a file cabinet, dated 7/5/07 and 7/16/07 for the purchase of five 4100 gallon water tanks. The file cabinet also contained 147 grams of marijuana bud and tax records for Matthew Graves for 2006.

22. Officers observed a garden area 100 yards east of the residence that had 15 growing marijuana plants. This garden was similar in design to the marijuana growing sites that were eradicated on October 7, 2008 by the CAMP Team.

23. Two of Matthew Graves' sons were also located on the property, B. Graves, 18 years old, and a minor, age 17. The 17-year-old indicated that he knew about the marijuana grow gardens that were marked as sites # 196, 197, 198 and 199. He also admitted that he was involved in the upkeep and harvesting of the grow sites, as well as his brother B. Graves, and father Matthew Graves. The minor Graves stated that he had been involved in trimming of the plants within the last three weeks prior to the execution of the search warrant. He told officers that they had been growing marijuana on the property since he could remember with the exception of when his father was away in prison for his prior conviction for money laundering related to the cultivation marijuana.

///

24. After Matthew Graves was initially contacted and placed in handcuffs, he attempted to escape by running the down the hill toward the creek. Several officers had to run after Graves, yelling "Hey, Stop! Don't!" Matthew Graves was apprehended and placed under arrest.

25. Deputies charged Matthew Graves with violations of California Health and Safety Code §§ §11359 (possession of marijuana for sale), §11358 (cultivation of marijuana), California Penal Code §12021(a)(1) (firearm possession by felon ), Penal Code §12022(a)(1) (firearm possession by felon) and California Penal Code §836.6(b) (attempted escape).

## FIRST CLAIM FOR RELIEF
## 21 U.S.C. § 881(a)(6)
**(forfeiture of all money furnished in exchange for drugs, all proceeds traceable to such exchange, or money used or intended to be used to facilitate a drug violation)**

26. The United States incorporates by reference the allegations in paragraphs one through 25 as though fully set forth herein.

27. Title 21, United States Code, Section 881(a)(6) provides for the forfeiture of all money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, United States Code, Chapter 13, Subtitle I; all proceeds traceable to such an exchange; and all money used or intended to be used to facilitate any violation of Title 21, United States Code, Chapter 13, Subtitle I.

28. In light of the foregoing, defendant $4,138.00 and defendant 2008 Toyota Tacoma are subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 881(a)(6).

## SECOND CLAIM FOR RELIEF
## 21 U.S.C. § 881(a)(4)
**(forfeiture of a vehicle used to transport or to facilitate the sale, receipt, transportation, possession or concealment of drugs)**

29. The United States incorporates by reference the allegations in paragraphs one through 28 as though fully set forth.

Complaint for Forfeiture
No. 09-                                         6

30. Title 21, United States Code, Section 881(a)(4) provides for the forfeiture of all conveyances which were used, or were intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance.

31. In light of the foregoing, defendant 2008 Toyota Tacoma, 2005 Mercedes Benz Unimog U5001s Truck, and defendant Kubota RTV1100 Utility Vehicle are subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 881(a)(4).

### THIRD CLAIM FOR RELIEF

### 21 U.S.C. § 881(a)(2)

**(forfeiture of equipment of any kind which is used, or intended for use in compounding or processing any controlled substance)**

32. The United States incorporates by reference the allegations in paragraphs one through 31 as though fully set forth.

33. Title 21 United States Code, Section 881(a)(2) provides for the forfeiture of all equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance.

34. In light of the foregoing, defendant MQ Power Whisperwatt Ultra-silent 45KW Diesel Generator - Serial # 8201325, defendant Kubota Three Phase Diesel Generator - Serial # H12066 and defendant Kubota 20KW Three Phase Diesel Phase Generator - Serial # 104068 are subject to forfeiture to the United States pursuant to Title 21, United States Code Section 881(a)(2).

//
//
//
//
//
//
//
//

Complaint for Forfeiture
No. 09-                                                              7

* * * * *

WHEREFORE, plaintiff United States of America requests that due process issue to enforce the forfeiture of defendant funds and defendant vehicle; that notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment of forfeiture be entered; that the Court enter judgment forfeiting defendant funds, defendant vehicles and equipment; and that the United States be awarded such other relief as may be proper and just.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: May 21, 2009

ARVON J. PERTEET
Special Assistant United States Attorney

VERIFICATION

I, Beau Bilek, state as follows:

1. I am a Special Agent with the United States Department of Justice, Drug Enforcement Administration. As the agent assigned to this case I am familiar with the facts and investigation leading to the filing of this Complaint for Forfeiture.

2. I have read the Complaint and believe the allegations contained in it to be true.

\* \* \* \* \*

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this _14_ day of ~~March~~ May 2009, in _San Francisco_, California.

_Beau Bilek_
Special Agent
Drug Enforcement Administration

Complaint for Forfeiture
No. 09-