United States District Court<br/>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 09-2277 MMC |
| Plaintiff, | **ORDER DIRECTING PLAINTIFF TO SUBMIT SUPPLEMENTAL DECLARATION; VACATING HEARING** |
| v. | |
| APPROXIMATELY $4,138 IN UNITED STATES CURRENCY, et al., | |
| Defendants. | |

Before the Court is plaintiff the United States of America's (the "Government") motion, filed May 27, 2011, to stay the above-titled forfeiture action pursuant to 18 U.S.C. § 981(g). Claimant Matthew D. Graves ("Graves") has filed opposition, to which the Government has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

Pursuant to 18 U.S.C. § 981, "[u]pon the motion of the United States, the court shall stay [a] civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." See 18 U.S.C. § 981(g)(1).[1]

---

[1] "In [subsection (g)], the terms 'related criminal case' and 'related criminal investigation' mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is 'related' to a civil forfeiture proceeding, the court

Here, according to the complaint, the defendant currency, vehicles, and generators, were seized during a search of Grave's property after "illegal marijuana gardens" were discovered thereon. (See Compl. ¶¶ 6, 9, 21.) On June 27, 2009, Graves filed a claim and opposition to forfeiture. On July 31, 2009, the parties stipulated to stay the forfeiture action during the pendency of a related criminal action brought against Graves in state court. On August 3, 2009, the Court granted the stay, which was continued upon stipulation until April 11, 2011, when Graves objected to any further continuation of the stay; in support of his objection, Graves stated that the state criminal case had proceeded to a jury trial, at which he waived his Fifth Amendment rights, testified, and was acquitted of all drug-related charges.[2] (See Joint Status Report ¶ 8.)

In response, the Government filed the instant motion to continue the stay, declaring "the DEA investigation of the participants of the narcotics trafficking activities, including Matthew Graves[,] is active and ongoing and that there is a connection between . . . the [instant] civil forfeiture action . . . and the targets of the investigation," and that, because "the anticipated defendant only knows of the investigation, but not the specific charges that may be included or that additional charges or defendants may be included," the stay is necessary to prevent discovery in the instant forfeiture action from adversely affecting the related criminal investigation. (See Perteet Decl. ¶¶ 2, 3.) In opposition, Graves argues that, by reason of the completion of the state criminal action, he "has all of the investigative reports and other discovery related to the execution of the search warrants and that the People of the State of California thought was relevant to [his] guilt or innocence related to the same conduct underlying this civil forfeiture" and, thus,"it is highly doubtful that [Graves] will need any discovery from the federal government to proceed with his summary judgment motion." (See Opp. 11:9-12:2.)

---

shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." See 18 U.S.C. § 981(g)(4).

[2] According to Graves, he was convicted on only one count, which charge was "related to the possession of ammunition." (See id.)

Although, as the Government notes, Graves has not affirmatively stated he will not seek discovery, the Government must provide more than "speculation" as to how discovery in the forfeiture action may adversely affect a pending criminal action.  See, e.g., U.S. v. 1419 Camellia Drive, No. C 09-02577 CW, 2009 WL 3297321, at *2-3 (N.D. Cal. Oct. 13, 2009). In this case, the Government, in support of its motion, does no more than offer a conclusory statement as to the potential effect of the Court's lifting the stay.  The Government offers, however, to "provide additional facts ex parte, pursuant to 18 U.S.C. § 981(g)(5)."  (See Mot. at 3:18.)

Accordingly, the Government is hereby DIRECTED to file, no later than July 22, 2011, an ex parte declaration, from the Assistant United States Attorney in charge of the criminal investigation and/or federal agent in charge thereof,[3] showing how discovery in the instant action will adversely impact the criminal investigation by disclosing evidence not already produced in the state court proceedings.

In light of the above, the Court hereby VACATES the hearing on the motion scheduled for July 15, 2011.  Upon the Government's filing of the ex parte declaration, the matter will stand submitted, and will be decided without a hearing, unless the Court determines, after reviewing the declaration, that a hearing is necessary.

**IT IS SO ORDERED.**

Dated:  July 11, 2011

MAXINE M. CHESNEY
United States District Judge

---

[3] Graves objects to the Government's evidence on hearsay grounds, stating the Government "cannot establish its case, or any part of it, with inadmissable evidence." (See Opp. at 5:4-5.)  In support thereof, Graves cites to authority holding hearsay evidence is inadmissible "for purposes of a merits decision in a civil forfeiture case."  See U.S. v. $92,203.00 in United States Currency, 537 F.3d 504, 510 (5th Cir. 2008).  Graves cites to no authority, however, holding the Government may not rely on hearsay evidence to support a motion to stay.  Nevertheless, in this instance, the Court deems it preferable that the declaration(s) come from the individual(s) in charge of the investigation on which the Government relies.

3