IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | No. C 09-2277 MMC |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO STAY** |
| v. | |
| APPROXIMATELY $4,138 IN UNITED STATES CURRENCY, et al., | |
| Defendants. / | |

Before the Court is plaintiff United States of America's (the "Government") motion, filed May 27, 2011, to stay the above-titled forfeiture action pursuant to 18 U.S.C. § 981(g). Claimant Matthew D. Graves ("Graves") has filed opposition, to which the Government has replied. On July 26, 2011, the Government submitted, by order of the Court, ex parte evidence to support its motion to stay.

Pursuant to 18 U.S.C. § 981, "[u]pon the motion of the United States, the court shall stay [a] civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." See 18 U.S.C. § 981(g)(1).[1]

---

[1] "In [subsection (g)], the terms 'related criminal case' and 'related criminal investigation' mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is 'related' to a civil forfeiture proceeding, the court

1      The Court, having reviewed the party's respective submissions, including the ex parte declaration submitted under seal by the Government, finds "civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation." See 18 U.S.C. § 981(g)(1).  In particular, resolution of this forfeiture action could not be accomplished without disclosure of evidence not previously provided to Graves in the state criminal action, which disclosure would adversely affect the Government's ongoing investigation.[2]

The Government does not specify the period for which it seeks to have the matter stayed.  Indefinite stays, however, may not be granted.  See Landis v. N. American Co., 299 U.S. 248, 257 (1936) (holding "stay is . . . unlawful unless so framed in its inception that its force will be spent within reasonable limits"; noting "[i]f a second stay is necessary . . . petitioners must bear the burden, when that stage shall have arrived, of making obvious the need").  Here, on the basis of the papers submitted, the Court finds a stay of 90 days duration is warranted.  If the government subsequently files a motion to extend the stay, the Government once again will have to meet the burden placed on it by 18 U.S.C. § 981(g).

**IT IS SO ORDERED.**

Dated: July 29, 2011

MAXINE M. CHESNEY
United States District Judge

---

shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors."  See 18 U.S.C. § 981(g)(4).

[2]  Graves does not request a protective order limiting discovery pursuant to 18 U.S.C. § 981(g)(3), nor does the record otherwise suggest how such an order would serve to avoid the adverse effect resulting from disclosure of the above-referenced additional evidence.

2